# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

CAITLYN CLIFF; GEORGE DICKENS, III; MELANIE FENLEY; ZACHARY GRUBER; PETER LEYH; MYLEE McKINNEY; and CASEY TUGGLE, Individually and on behalf of others similarly situated,

Plaintiffs,

v.

SAVANNAH LAW SCHOOL, LLC, et al.,

Defendants.

CIVIL ACTION NO.: 4:18-cv-104

## O R D E R

Presently before the Court is Plaintiffs' Motion to Remand this case to the State Court of Chatham County. (Doc. 11.) Defendants are citizens of the State of Georgia and removed the case to this Court pursuant to 28 U.S.C. § 1441 and § 1332 on May 3, 2018, (doc. 1), and Plaintiffs filed this Motion soon thereafter.[1] On October 9, 2018, the parties presented arguments in a hearing before the Court on whether the action should remain in federal court or be remanded to state court. (Doc. 36.) For the reasons set forth herein, the Court **GRANTS** Plaintiffs' Motion to Remand, (doc. 11), **DISMISSES as moot** Defendants' Motion to Dismiss, (doc. 7), and **REMANDS** the case to the State Court of Chatham County. However, the Court **DENIES** Plaintiffs' request for expenses including attorney fees. The Court **DIRECTS** the Clerk of Court to enter the appropriate judgment of remand and to **CLOSE** this case.

---

[1] Defendants have filed a Motion to Dismiss, (doc. 7), which is also pending before the Court. As was explained in the Order issued on October 4, 2018, (doc. 35), jurisdiction is a threshold issue that must be considered first.

## BACKGROUND

Plaintiffs filed this putative class action in the State Court of Chatham County, Georgia against Defendants on March 23, 2018, after Defendant Savannah Law School announced its closure. (Doc. 11, p. 2; doc. 1-1.) Plaintiffs defined their class as follows: "All persons who are citizens of Georgia and who were enrolled in classes at Savannah Law School during the 2017–2018 academic year or had applied for admission to Savannah Law School for the Fall 2018 semester." (Doc. 11, p. 2.) Plaintiffs allege numerous injuries caused by the closing of the school and bring claims of negligence, breach of contract, negligent misrepresentation, and civil conspiracy. (Id.) In their Notice of Removal, Defendants put forth evidence that a named Plaintiff, Peter Leyh, is a citizen of New Jersey, which they contend gave them a jurisdictional basis to remove this case. (Doc. 1.)

## DISCUSSION

**I. Whether Plaintiff's Complaint Falls Within this Court's Jurisdiction**

Under the Class Action Fairness Act ("CAFA"), federal courts have original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000, any member of a class of plaintiffs is diverse from any defendant, and the number of class members exceeds 100. 28 U.S.C. § 1332(d); Miedema v. Maytag Corp., 450 F.3d 1322, 1327 & n.4 (11th Cir. 2006). As the removing party, Defendants bear the burden of proving the basis for federal court jurisdiction.[2]

---

[2] Defendants argue the burden rests upon the Plaintiffs to disprove federal court jurisdiction. (Doc. 19, p. 7.) Throughout their pleadings, Defendants emphasize the United State Supreme Court's holding in Dart Cherokee Basin Operating Co. v. Owens, ___ U.S. ___, 135 S. Ct. 547 (2014), that no antiremoval presumption attends cases invoking CAFA. However, nothing in CAFA or Dart Cherokee changes the long-standing principle that the party seeking to invoke this Court's jurisdiction carries the burden of establishing the basis for that jurisdiction. Consequently, Defendants cannot merely rest on their allegations of diversity when Plaintiffs have challenged that allegation. Moreover, even if Plaintiffs had the burden to prove a lack of minimal diversity, they have met that burden by defining their class on the basis of citizenship. See Gavron v. Weather Shield, No. 10–22088–CIV, 2010 WL 3835115, at *11 (S.D. Fla. Sept. 29, 2010) ("Unless a putative class is defined in terms of present citizenship, a plaintiff must submit some evidence of class citizenship in order to satisfy his burden of proof.") (emphasis omitted).

Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007) (citations omitted). "Consistent with the limited nature of federal jurisdiction, a party seeking a federal venue must establish the venue's jurisdictional requirements." Id. at 1207 (citation omitted). In the present case, Defendants have not met this burden.

In order to prove minimal diversity under CAFA, Defendants must prove that any "member of [the] class" is diverse from any defendant. 28 U.S.C. § 1332(d)(2)(A). The statute defines "class members" as "the persons (named or unnamed) who fall within the definition of the proposed or certified class." 28 U.S.C. § 1332(d)(1)(D). Citizenship is determined as of the time the complaint is filed. 28 U.S.C. § 1332(d)(7).

Looking to the Complaint, Plaintiffs have restricted their class to "persons who are citizens of Georgia." (Doc. 1-1, p. 18.) Accordingly, any individuals who were not Georgia citizens at the time of filing are not, and cannot, "fall within the definition of the proposed . . . class." 28 U.S.C. § 1332(d)(1)(D). As such, any non-Georgian would not be a "member of a class." 28 U.S.C. § 1332(d)(2)(A). Put simply, Defendants cannot prove minimal diversity because any putative class member with citizenship diverse to Georgia, by definition, would not fall within the proposed class. See, e.g., Gallagher v. Johnson & Johnson Consumer Cos., 169 F. Supp. 3d 598, 604 (D.N.J. 2016) ("It is readily apparent that Plaintiff has chosen to limit the proposed class to citizens of this state, and the Court is not at liberty at this stage to reject Plaintiff's class definition and render a different interpretation."). Thus, because non-Georgia citizens are precluded from class membership, this case lacks diversity. Without diversity, this Court does not have jurisdiction and is required to remand the action to state court. 28 U.S.C. § 1447(c).[3]

---

[3] Both parties made arguments regarding the "home-state" exception to original federal jurisdiction under CAFA. (Docs. 11, 19.) This provision requires a federal court to decline to exercise jurisdiction if at least two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the state where the action was originally filed. 28 U.S.C. § 1332(d)(4)(B). As explained above,

3

Given this principle and the plain language of CAFA, Defendants' evidence of Mr. Leyh's citizenship is inconsequential. If Mr. Leyh was indeed a citizen of New Jersey at the time this case was filed, he is not—and indeed logically cannot be—a member of the proposed class. (See Doc. 23, pp. 3–4.) Equally inconsequential are Defendants' arguments regarding the difficulty of ascertaining the citizenship of law school students. While courts have indeed noted the difficulty of such determinations, that difficulty has no bearing on whether this Court has jurisdiction. Regardless of how convoluted the inquiry, if the result is that a Savannah Law School student is ultimately found not to be a citizen of Georgia, that student would not be a member of Plaintiffs' class.

At times in their pleadings and at oral argument, Defendants appeared to ask the Court to ignore or invalidate the limited scope of Plaintiffs' proposed class.[4] In essence, Defendants contend that allowing Plaintiffs to limit the proposed class members to citizens of Georgia defeats the purposes of CAFA. Indeed, Plaintiffs' counsel admitted at oral argument that the class was drafted so as to avoid litigating their case in federal court. However, every federal circuit court to address these issues has rejected arguments similar to those made by Defendants, and recognized that plaintiffs, as "masters of their complaint," are permitted to define their class as they see fit. Johnson v. Advance Am., 549 F.3d 932, 937 (4th Cir. 2008) (recognizing that plaintiff had limited

---

the Court lacks CAFA jurisdiction because the parties are not minimally diverse, and a court cannot rule on an exception to the exercise of jurisdiction if it does not have jurisdiction in the first instance. See Johnson, 549 F.3d at 938 (declining to address the home-state exception when minimal diversity did not exist). However, even if Mr. Leyh could somehow be included in the class and even if he was a New Jersey citizen, the result would be the same. According to Plaintiffs' Complaint, all other members of the class are Georgia citizens. (Doc. 1-1, pp. 10–11, 18.) A single diverse party does not dilute the two-thirds threshold of the home-state exception, and the Court would be required to abstain from exercising jurisdiction due to this provision. 28 U.S.C. § 1332(d)(4)(B). This provides an independent basis to grant Plaintiffs' Motion to Remand.

[4] However, Defendants' counsel candidly admitted at the hearing that they were not aware of a provision that would allow the Court to rewrite the proposed class. They also admitted that they would not have sought to remove this case if they did not think Mr. Leyh was a non-Georgia citizen.

proposed class members to South Carolina citizens to avoid to federal jurisdiction and holding that remand was proper as court lacked jurisdiction under CAFA given that limitation); see also In Re Sprint Nextel Corp., 593 F.3d 669, 673 (7th Cir. 2010) ("Alternatively, the plaintiffs might have defined their class as all Kansas citizens . . . . [B]y using that definition, the plaintiffs could have guaranteed that the suit would remain in state court."); In Re Hannaford Bros. Co. Customer Data Security Breach Litig., 564 F.3d 75, 80 (1st Cir. 2009) (recognizing that defining the class to include only citizens of a particular state can defeat federal jurisdiction under CAFA). While CAFA was enacted to provide greater access to federal court, it is the Court's job "to effectuate the intent expressed in the plain language Congress has chosen, not to effectuate purported policy choices regardless of language." Id. at 80.

This Court cannot deviate from the unambiguous text of CAFA or ignore the text of Plaintiffs' Complaint. The plain language of CAFA requires minimal diversity as to the proposed class to remain in federal court and the plain language of Plaintiffs' Complaint reveals that no such diversity exists. Accordingly, the Court **GRANTS** Plaintiffs' Motion to Remand. (Doc. 11.)

**II.    Whether Plaintiffs are Entitled to an Award of Expenses Including Attorney Fees**

The final issue before the Court is Plaintiffs' request for attorney fees. (Doc. 11, p. 10.) Under 28 U.S.C. § 1447(c), "[A]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." When making its determination, a court should consider the "reasonableness of the removal," and whether removal was sought merely to delay litigation. Martin v. Franklin Capital Corp., 546 U.S. 132, 140 (2005).

Here, the Court finds no basis for awarding expenses including attorney fees. This case presented a complex question of law on which neither the Eleventh Circuit Court of Appeals nor

the Supreme Court has ruled. Without a case directly addressing the availability of CAFA jurisdiction when a named Plaintiff is a non-citizen, Defendants were able to argue in good faith that the Court should look beyond Plaintiffs' class description to find minimal diversity. Further, Defendants had a good faith basis for believing Mr. Leyh is a citizen of New Jersey. Awarding attorney fees in such an instance would discourage attorneys from zealously representing their clients with creative arguments on undecided issues of law. Additionally, "parties who reasonably believe it is their right to have their case heard in federal court should not be discouraged from seeking to exercise that right." Johnson v. Advance America, 596 F.Supp.2d 922, 930 (D. S.C. 2008).

Accordingly, the Court **DENIES** Plaintiffs' Motion for Attorney Fees. (Doc. 11.)

**CONCLUSION**

For the above-stated reasons, the Court **GRANTS** Plaintiffs' Motion to Remand, (doc. 11), **DISMISSES as moot** Defendants' Motion to Dismiss, (doc. 7), and **REMANDS** this case back to the State Court of Chatham County. However, the Court **DENIES** Plaintiffs' request for expenses including attorney fees, (doc. 11). The Court **DIRECTS** the Clerk of Court to enter the appropriate judgment of remand and to **CLOSE** this case.

**SO ORDERED**, this 12th day of October, 2018.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA